■ In the Matter of the Claim of SIMON SOLOMON, Respondent, against DAVID KAY CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant was employed as an elevator operator. He was required to wear a uniform. His work started at 8:00 A.M. and continued to 5:00 P.M. He had two relief breaks each day. The rules of the employer prevented the claimant from leaving the premises while at work unless relieved. He customarily came to the place of work at about 7:20 to 7:30 A.M. During this period he usually changed into his uniform. He was not required to be in the premises until 8 o'clock and was not paid for any time prior to that hour. If there were an emergency telephone call about someone not coming to work or some such message, the claimant would usually answer the phone in the period he was waiting for work to begin. This was not required by the employer nor was there any requirement that he be at the premises to begin work before 8 o'clock. On June 4, 1956 claimant came to the employer's premises about 7:30; changed into his uniform and at once left the premises to go to a nearby store to make some personal purchases. On the way back a sign fell from a building to the street, striking claimant and he was injured. The board has held that the injury was incurred in the course of employment. We think the record does not warrant that finding. There have been cases in which, after the work began, the employee was injured off premises, but these

have always been sustained on the theory that the employment was "not interrupted" and the control of the employer continued during the coffee break, the lunch period, or the short personal journey. (See *Matter of Bodensky* v. *Royaltone, Inc.*, 5 A D 2d 733 [coffee break]; *Matter of Caporale* v. *Department of Taxation & Finance*, 2 A D 2d 91, affd. 2 N Y 2d 946 [lunch period under close control of employer]; *Matter of Redfield* v. *Boulevard Garden Housing Corp.*, 4 A D 2d 906 [short personal trip during employment].) The *Redfield* case is a good illustration of the theory of inclusion of the activity within the employment. There the short personal journey was something like that undertaken by the claimant here, but in that case the work had begun, the injury was "within the general hours of his employment" and the activity was not regarded by the court as a "separation" from it. Decision may often turn on a matter of degree, i.e., to what point the limits of a rule may be pushed, and this is often a matter of judgment and policy. We think the rule based on constructive control of the activity by the employer may not be extended into an area where there was no actual control over the activity of the employee at a time when he was free to go where he chose, and before he was required to work or be on the premises. It is our view that the street injury in this case did not occur in the course of employment or arise out of it. Award reversed and claim dismissed, with costs to appellants against the Workmen's Compensation Board. Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ., concur.